FARM LAND COMPANY, APPELLEE, V. HENRY ST. RAYNER ET AL., APPELLANTS.

FILED FEBRUARY 22, 1905.   No. 14,002.

Foreclosure Sale.   Mere irregularities in a published notice of sale that are not prejudicial will not cause a vacation of the sale.

APPEAL from the district court for Keith county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Henry St. Rayner* and *Wilcox & Halligan,* for appellants.

*Hoagland & Hoagland, contra.*

OLDHAM, C.

This is an appeal from an order of confirmation of a judicial sale in a foreclosure proceeding.

The first objection urged is that the order of sale was issued two days before the expiration of the twenty days prescribed for the issuance thereof in the decree of foreclosure. This objection could only have been prejudicial to defendant in case he had desired to redeem from the decree within the time prescribed. But this he did not do. Consequently, the fact that the order of sale, which of itself was not necessary as the sale might

have been made under the decree, was issued prematurely could only have prejudiced him in case he desired to redeem within the twenty days prescribed in the decree. We have held that a mere irregularity in a published notice of sale which is not prejudicial will not cause a vacation of the sale. *Nebraska Loan & Trust Co. v. Hamer*, 40 Neb. 281.

It is next urged that no copy of the appraisement was deposited in the clerk's office before the publication of the sale or the sale of said lands. This objection would be meritorious if supported by the record. But the record shows by the sheriff's return to the order of sale that an appraisement was made on March 3, 1904, "a copy of which I forthwith deposited with the clerk of the district court  *  *  *  and thereupon on the 3d day of March, 1904, I caused a notice to be published in the Republican Argus, a newspaper," etc. We think this return sufficiently shows that an appraisement was filed before the publication of the notice and before the sale.

The next objection is as to the order of sale, but as no such order was essential to the validity of the sale, this objection need not be further considered.

It is last urged that the published notice is void because merely signed by "D. W. Harrington, Sheriff," without showing in what county or state he held such office. This objection is purely frivolous.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.